IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ELVIS WAYNE JONES, #00536937,**<br>Petitioner, | )<br>) |
| vs. | ) No. 3:22-CV-724-E (BH) |
| | ) |
| **DIRECTOR,**<br>**Texas Department of Criminal**<br>**Justice, Correctional Institutions Division,**<br>Respondent. | )<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received May 26, 2022 (doc. 15), should be **DENIED**, and the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Elvis Wayne Jones (Petitioner) filed a document that appeared to be an "Emergency" challenge to 1989 state conviction, which was received on March 29, 2022. (*See* doc. 3.) The envelope in which it arrived was addressed to the state court of appeals in this district, but it had the physical address for this federal district court. Because it was filed in this court, it was opened as a new federal habeas case under 28 U.S.C. § 2254. (*See* doc. 4.) By *Notice of Deficiency and Order* dated March 31, 2022, he was notified that if he intended to file a federal petition for writ of habeas corpus under § 2254 in federal court, he had not filed it on the appropriate form and either paid the $5 filing fee or submitted a motion to proceed *in forma pauperis* (IFP). (*See id.*) The order specifically advised Petitioner that he must file his § 2254 petition on the appropriate form and either pay the filing fee or file an IFP application within 30 days. (*See id.*) Attached to the order were

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

copies of the § 2254 habeas petition form and an IFP application. (*See id.*)  The order specifically stated that a failure to comply with its terms could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

On April 1, 2022, Petitioner's *Motion for Court to Dis-continue Action* was received.  (*See* doc. 5.)  It was liberally construed as a notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, and the case was closed.  (*See* doc. 6.)  On April 22, 2022, however, his amended § 2254 petition, a blank IFP application, and a motion for new hearing were received, and the case was ordered reopened by order dated April 26, 2022.  (*See* docs. 6-10.)  A second notice of deficiency and order also issued on April 26, 2022, which unfiled the blank IFP application and again ordered Petitioner either pay the filing fee or file an IFP application within 30 days.  (*See* doc. 11.)  The order, which included an IFP application, specifically stated that a failure to comply with its terms could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

On May 10, 2022, and May 26, 2022, Petitioner's *Inmate Request Withdrawal*, IFP application, and response to an order, respectively, were received. (*See* docs. 13, 15, 16.)  Because his IFP application showed sufficient assets with which to pay the filing fee, on May 27, 2022, Petitioner was ordered to pay the full $5 filing fee and to follow the appropriate procedures at his prison facility to ensure its payment within 30 days. (*See* docs. 14, 17, 18.)  He was again warned that failure to comply with the order could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

Well more than 30 days from the deadline to pay the filing fee have passed, but Petitioner has not paid the filing fee.  His only filing since the order of May 27, 2022, has been a motion to

enjoin certain conditions at the prison facility at which he is incarcerated, which was received on June 22, 2022.  (*See* doc. 19.)  By order dated June 24, 2022, he was advised that his filing did not challenge his custody, that he could only raise habeas claims in this § 2254 habeas case, and that he must file a separate civil action under the appropriate statutes and pay the applicable filing fees if he wished to pursue any non-habeas civil claims.  (*See*  doc. 20.)  He has filed nothing since his last motion.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

Petitioner's trust fund account statement showed a balance of $279.73 as of the date of its preparation and an average six-month balance of $729.00.  The first page of the form petition he submitted expressly gave him notice that if he had or previously had access to enough funds, he must pay the filing fee. The trust fund account statement shows that Petitioner had access to sufficient funds to pay the $5.00 filing fee. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action.  His IFP motion should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was given thirty days to pay the filing fee and specifically warned that failure to comply could result in the dismissal of his petition. Despite multiple orders, he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his habeas petition should be dismissed.

## IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and the habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner pays the $5 filing fee within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 25th day of July, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE