**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ELVIS WAYNE JONES, #00536937,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:22-CV-724-E (BH)** |
| | ) | |
| **DIRECTOR,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's motion for reconsideration of the dismissal of his action, received March 24, 2023 (doc. 25), should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**I.  BACKGROUND**

Elvis Wayne Jones (Petitioner) filed a document that appeared to be an "Emergency" challenge to 1989 state conviction, which was received on March 29, 2022.  (*See* doc. 3.)  The envelope in which it arrived was addressed to the state court of appeals in this district, but it had the physical address for this federal district court.  Because it was filed in this court, it was opened as a new federal habeas case under 28 U.S.C. § 2254. (*See* doc. 4.)  By *Notice of Deficiency and Order* dated March 31, 2022, he was notified that if he intended to file a federal petition for writ of habeas corpus under § 2254 in federal court, he had not filed it on the appropriate form and either paid the $5 filing fee or submitted a motion to proceed *in forma pauperis* (IFP). (*See id.*) The order specifically advised Petitioner that he must file his § 2254 petition on the appropriate form and either pay the filing fee or file an IFP application within 30 days.  (*See id.*)  Attached to the order were

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

copies of the § 2254 habeas petition form and an IFP application. (*See id.*)  The order specifically stated that a failure to comply with its terms could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

On April 1, 2022, Petitioner's *Motion for Court to Dis-continue Action* was received.  (*See* doc. 5.)  It was liberally construed as a notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, and the case was closed.  (*See* doc. 6.)  On April 22, 2022, however, his amended § 2254 petition, a blank IFP application, and a motion for new hearing were received, and the case was ordered reopened by order dated April 26, 2022.  (*See* docs. 6-10.)  A second notice of deficiency and order also issued on April 26, 2022, which unfiled the blank IFP application and again ordered Petitioner either pay the filing fee or file an IFP application within 30 days.  (*See* doc. 11.)  The order, which included an IFP application, specifically stated that a failure to comply with its terms could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

On May 10, 2022, and May 26, 2022, Petitioner's *Inmate Request Withdrawal*, IFP application, and response to an order, respectively, were received. (*See* docs. 13, 15, 16.)  Because his IFP application showed sufficient assets with which to pay the filing fee, on May 27, 2022, Petitioner was ordered to pay the full $5 filing fee and to follow the appropriate procedures at his prison facility to ensure its payment within 30 days.  (*See* docs. 14, 17, 18.)  He was again warned that failure to comply with the order could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*See id.*)

Well more than 30 days from the deadline to pay the filing fee passed, but Petitioner did not pay the filing fee.  His only filing since the order of May 27, 2022, was a motion to enjoin certain

conditions at the prison facility at which he is incarcerated, which was received on June 22, 2022. (*See* doc. 19.)  By order dated June 24, 2022, he was advised that his filing did not challenge his custody, that he could only raise habeas claims in this § 2254 habeas case, and that  he must file a separate civil action under the appropriate statutes and pay the applicable filing fees if he wished to pursue any non-habeas civil claims.  (*See*  doc. 20.)  Because he had filed nothing since his last motion, on July 25, 2022, it was recommended that his case be dismissed for failure to prosecute or follow court orders.  (*See* doc. 21.)  Petitioner's objections to the recommendation were received on August 8, 2022, but he did not pay the filing fee.  (*See* doc. 22.)  The recommendation was accepted by order dated February 14, 2023, and the case was ordered and adjudged dismissed without prejudice on that date.  (*See* docs. 23, 24.)

## II. FED. R. CIV. P. 60(B)

Petitioner seeks relief from the dismissal of his habeas case.  "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").  Because Petitioner's motion was filed more than 28 days after entry of the order adjudging and decreeing the case dismissed, it is properly construed as arising under Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Petitioner's motion does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment

4

was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Petitioner requests reconsideration and generally complains about a delay in receiving mail, but he has still not paid the filing fee for this habeas case. Nor has he demonstrated exceptional circumstances warranting relief under Rule 60(b)(6).

### III. RECOMMENDATION

The petitioner's motion for reconsideration should be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

**SIGNED this 27th day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE